# IN THE COURT OF APPEALS OF IOWA

No. 15-1548
Filed March 23, 2016

**IN THE INTEREST OF Q.M. AND Q.M.,**
**Minor Children,**

**D.M., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights to two of her children. **AFFIRMED.**

Charles E. Isaacson, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Michael R. Sorci of the Youth Law Center, Des Moines, for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to two of her children, born in 2008 and 2014. She contends the grounds for termination cited by the district court were not established. We may affirm if we find clear and convincing evidence to support any of those grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

Our de novo review of the record reveals the following facts. The mother has a history of unresolved marijuana abuse. In 2004, her parental rights to one of her children were terminated based on her incarceration for four counts of child endangerment. This followed on the heels of another termination order involving her nine-month-old child whom she left alone in a car for twenty minutes.

Ten years later, the younger of the two children who are the subject of this proceeding was born with marijuana in her system. The department of human services sought a temporary removal order, which was granted. The department could not locate the mother and children, and she failed to appear for sentencing on a pending third-degree theft charge. The district court issued a "runaway/pick up order" authorizing law enforcement to seize the children wherever they may be found for placement in a youth shelter. Three months after the removal order was entered, the children's whereabouts were still unknown.

Six months after the removal order was entered, the mother was arrested on an outstanding warrant. She was brought to juvenile court and ordered to disclose the children's location. The mother told the court she took the children to a relative in Texas. She identified the town where they were purportedly

staying. Department personnel investigated her statement and discovered there was no such town in Texas. The district court held the mother in contempt for failing to disclose accurate information and ordered her to serve six months in jail.

The children were eventually located without the mother's assistance. The district court ordered the mother's release from jail after concluding "no useful purpose" would be served by continuing to incarcerate her for contempt. Meanwhile, the mother was placed on probation for theft.

The State petitioned to terminate the mother's parental rights to these two children. At the termination hearing, the mother denied having a substance abuse problem while at the same time admitting almost twenty years of marijuana use and no participation in substance abuse treatment. She acknowledged her last usage of marijuana was less than two weeks before the termination hearing.

Iowa Code section 232.116(1)(g) (2015) requires proof of several elements including prior termination of parental rights to another child and a parent's continued inability or unwillingness "to respond to services which would correct the situation." The record contains clear and convincing evidence to support this ground for termination. While the mother contends the district court's contempt order prevented her from complying with services and remedying the problem, the court correctly noted she "was provided services since 2003, and many of the same issues that were present at that time continue to be present today."

We affirm the district court's termination of the mother's parental rights to these two children.

**AFFIRMED.**